IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROSALINDA SAPLAN; RECTO SAPLAN, | ) CIVIL NO. 11-00011 HG-KSC |
|---|---|
| Plaintiffs, | ) FINDINGS AND ) RECOMMENDATION TO DISMISS ) THIS ACTION WITHOUT |
| vs. | ) PREJUDICE ) |
| NATIONAL CITY MORTGAGE; PRIDE PACIFIC MORTGAGE; DOES 1-100, | ) ) ) ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION TO DISMISS
THIS ACTION WITHOUT PREJUDICE

On January 18, 2011, the Court issued an Order Setting Triage Conference, which set a Triage Conference for February 24, 2011, at 9:30 a.m. The Order directed that all parties or their counsel attend in person. Plaintiffs failed to appear at the Triage Conference, in violation of the Court's Order. The Court continued the Triage Conference to April 4, 2011, at 9:15 a.m. Plaintiffs failed to appear again.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Rule 16.2(a) of the Local Rules of Practice of the United States District Court

for the District of Hawaii ("Local Rules"), a Scheduling Conference was set for April 4, 2011, at 9:00 a.m.  Plaintiffs neither filed a Scheduling Conference Statement nor appeared at the Rule 16 Scheduling Conference, in violation of Local Rules 16.2(a) and (b).

On April 5, 2011, the Court issued an Order to Show Cause why the case should not be dismissed for failure to appear at the Triage Conference, failure to appear at the Rule 16 Scheduling Conference, and failure to file a Rule 16 Scheduling Conference Statement.  The Court directed Plaintiffs to appear on May 6, 2011, at 9:30 a.m. and cautioned that if they failed to appear, the Court would recommend dismissal of this action.

Plaintiffs did not appear at the May 6, 2011 OSC hearing.

Courts do not take failures to comply with Court orders lightly.  FRCP 16(f) provides, in pertinent part:  "On motion or on its own, the court may issue any just orders, including those authorized

by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f). FRCP 37(b)(2)(A)(v) authorizes the Court to "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(A)(v).

FRCP 41(b) also authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Here, dismissal is appropriate given Plaintiffs' failure to appear at the Triage Conferences, failure to file a Scheduling Conference Statement, failure to appear at the Rule 16 Scheduling Conference, and failure to respond to the OSC or appear at the OSC hearing. The Court, after considering the five dismissal factors set forth in Pagtalunan v.

Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[1] finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. So too does the lack of availability of less drastic alternatives. Plaintiffs have not taken any action nor communicated with the Court since filing their Complaint on January 5, 2011. Despite having had multiple opportunities to appear before and communicate with the Court, and despite the Court's attempt to compel Plaintiffs' appearance to explain their failures, they have not responded, even when faced with the threat of dismissal. Thus, the Court is left with

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

no choice but to dismiss. Issuing further OSCs and scheduling further hearings would be futile given Plaintiffs' pattern of non-compliance and non-action.

The Court is unable to fully assess the risk of prejudice to Defendants because the record contains no information about whether they have been served. As a result, the Court finds that this factor is neutral.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, because three factors favor dismissal, and one is neutral, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 9, 2011.

_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 11-00011 HG-KSC; SAPLAN V. NATIONAL CITY MORTGAGE, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE

5